Cassandra Blake, OSB # 193336
cblake@oregonlawcenter.org
Che Orion, OSB # 205957
corion@oregonlawcenter.org
Richard Peel, OSB # 201833
rpeel@oregonlawcenter.org

OREGON LAW CENTER
230 SW Second Ave., STE. F
Hillsboro, OR 97124
Phone: (503) 640-4115
Fax: (503) 640-9634

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RODRIGO MARTÍNEZ MARIN<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>RED HILLS MARKET, LLC,<br><br>　　　　　　Defendant. | Case No.:<br><br>COMPLAINT<br><br>Employment Discrimination – Title VII of the Civil Rights Act of 1964; Oregon Civil Rights Laws<br><br>DEMAND FOR JURY TRIAL |

**I.　NATURE OF THE ACTION**

Plaintiff Rodrigo Martinez Marin brings this action alleging Defendant Red Hills Market, LLC engaged in unlawful employment practices against Plaintiff by subjecting him to and failing to prevent sexual harassment. Plaintiff reported severe and pervasive unwanted touching and verbal comments, but Defendant failed to take immediate and

PAGE 1 – COMPLAINT

appropriate corrective action to prevent continual harassment, and retaliated against him for reporting sexual harassment by changing his job position, reducing his hours, and eventually terminating him, which caused Plaintiff severe emotional distress. Plaintiff seeks economic and emotional distress damages, and equitable relief.

## II.    JURISDICTION & VENUE

1. This Court has jurisdiction of this action pursuant to the following laws:

   a. 42 U.S.C. §2000e-5, as this action pertains to federal civil rights claims;

   b. 28 U.S.C. §1331, as this action arises under the laws of the United States; and

   c. 28 U.S.C. §1367, as the state claims that arise are related to the federal claims, so as to form part of the same case or controversy under Article III of the United States Constitution.

2. All of the acts complained of herein were committed in the state of Oregon.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. On September 14, 2022, Plaintiff dual-filed charges of unlawful employment practices with the Oregon Bureau of Labor and Industries (BOLI), Civil Rights Division; and the Equal Employment Opportunity Commission (EEOC).

4. On September 18, 2023, Mr. Martinez was issued a BOLI right-to-sue letter on the following claims: ORS 659A.030; ORS 659A.199. On November 30, 2023, Mr. Martinez was issued an EEOC right-to-sue letter on the following claims: 42 USC § 2000e-2(a); 42 USC § 2000e-3(a).

## IV.    PARTIES

5. At all material times, Plaintiff Rodrigo Martínez Marin (Mr. Martínez) was a natural person, residing in Yamhill County, Oregon.

PAGE 2 – COMPLAINT

6. At all material times, Defendant Red Hills Market, LLC ("Red Hills Market") was a domestic limited liability company and at all material times hereto was doing business in the state of Oregon, with it's principal place of business at 155 SW 7TH ST, Dundee, OR 97115.

7. At all material times, Red Hills Market was Mr. Martínez's employer and conducted regular and sustained business activities in Oregon in Yamhill County.

8. At all material times, Red Hills Market employed more than 15 employees.

## IV. FACTUAL ALLEGATIONS

9. Mr. Martinez, a man, worked as a restaurant dishwasher for Red Hills Market in Dundee, Oregon from approximately March 2017 to January 8, 2022.

10. In approximately 2019, Red Hills Market hired a man named Daniel Mondok ("Mondok") as the Executive Chef in the kitchen.

11. As Executive Chef, Mondok supervised the employees in the kitchen.

12. In their respective roles, Mr. Martinez and Mondok worked in close proximity to one another in the kitchen.

13. In approximately November 2020, Mondok began to make sexual advances toward Mr. Martinez.

14. In approximately November 2020, Mr. Martinez was working at a prep table in the kitchen when Mondok approached him from behind. Mondok placed his hand on Mr. Martinez's buttocks, then attempted to insert his fingers into Mr. Martinez's anus from the outside of his pants. Mr. Martinez told Mondok to stop. Mondok responded by removing his hand from Mr. Martinez's buttocks and laughing.

15. Approximately two weeks later, Mr. Martinez was working at the prep table in the kitchen. Again, Mondok approached him from behind, touched Mr. Martinez's buttocks without his consent, and attempted to insert his fingers into Mr. Martinez's anus from the outside of his pants. Mr. Martinez told Mondok to stop. Mondok responded by removing his hand from Mr. Martinez's buttocks, laughed, then told Mr. Martinez that he would get him fired.

16. Approximately two weeks after the second incident, Mondok touched Mr. Martinez a third time, in exactly the same manner, while Mr. Martinez was working at the prep table in the kitchen. Mr. Martinez told Mondok to stop, and Mondok responded by removing his hand from Mr. Martinez's buttocks and laughing.

17. All these incidents of harassment by Mondok made Mr. Martinez very uncomfortable and fearful.

18. After the third incident of harassment, Mr. Martinez reported Mondok's conduct to Restaurant Manager Angelica Hernandez ("Ms. Hernandez"). Ms. Hernandez had the authority to hire and fire Mr. Martinez and otherwise alter his working conditions.

19. Ms. Hernandez reported Mondok's harassment of Mr. Martinez to Jody Kropf ("Mr. Kropf"), the owner of Red Hills Market. Mr. Kropf also had the authority to hire and fire Mr. Martinez and otherwise alter his working conditions.

20. In approximately December 2020, Mr. Martinez met with Ms. Hernandez, Mr. Kropf, and Michelle Kropf ("Ms. Kropf"). Michelle Kropf is Mr. Kropf's wife and the co-owner of Red Hills Market.

21. At the meeting, Mr. Martinez recounted the harassment that Mondok subjected him to. Mr. Kropf told Mr. Martinez that he would talk to Mondok about the situation. Mr.

Martinez left the meeting in tears because recounting the sexual harassment was so traumatic.

22. Following the meeting, Mr. Martinez was abruptly moved to Red Hills Market's commissary kitchen, located approximately two blocks away from the restaurant. Mondok remained in his position as Executive Chef at Red Hills Market and continued to supervise the employees in the kitchen. Mr. Martinez did not understand why he was punished by being moved to a different position or why Mondok did not suffer any consequences for the harassment. After Mr. Martinez was moved to the commissary kitchen, he would still see Mondok often at work, and tried to avoid him for fear he would be harassed again.

23. Mr. Kropf, Mrs. Kropf, Ms. Hernandez, nor any other management at Red Hills Market ever discussed the harassment with Mr. Martinez again or explained why he was moved to a different position.

24. Mr. Martinez continued working as a dishwasher until approximately November 27, 2021, when he was suddenly removed from the schedule. When Mr. Martinez learned that he did not have any shifts on the schedule, he inquired to General Manager Daniel Silva ("Mr. Silva"), who stated a pretextual reason that Red Hills Market did not have any hours for him and stated that they would call Mr. Martinez when they had hours to offer him.

25. On November 29, 2021, Mr. Martinez reported the sexual assaults by Mondok, which he in good faith believed to be a violation of state or federal laws, rules, or regulations, to the Newberg-Dundee Police Department.

26. On approximately January 8, 2022, Mr. Silva called Mr. Martinez to return to work. Mr. Martinez worked for approximately three hours that day, then Mr. Silva told Mr. Martinez that he was terminated and again gave the pretextual reason that there was a lack of hours.

27. Mondok's behavior was severe and pervasive and had the purpose or effect of unreasonably interfering with Mr. Martinez's work performance and/or creating an intimidating, hostile, or offensive working environment. At all material times herein, Red Hills Market established, was responsible for, and directed the terms and conditions of Mr. Martinez's employment. Mondok acted within the scope of his employment with Red Hills Market when he sexually harassed Mr. Martinez. Red Hills Market's discrimination against Mr. Martinez in the conditions of his employment, due to his sex and gender, created a hostile work environment.

28. As a direct and proximate result of Defendant's above described conduct, Plaintiff has suffered and continues to suffer from severe emotional distress.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Sex Discrimination - 42 USC § 2000e-2(a)(1))

29. Plaintiff re-alleges and incorporates the allegations contained in the above paragraphs of this Complaint as if fully stated herein.

30. At all material times Defendant employed more than 15 employees.

31. The conduct of Mondok as described above was unwanted and offensive, and created a hostile, intimidating and offensive work environment which altered the terms and

conditions of Plaintiff's employment, unreasonably interfered with his ability to perform his work and created an abusive working environment.

32. Defendant's maintenance of a sexually hostile work environment as alleged herein constitutes an unlawful employment practice and violates 42 USC § 2000e-2(a)(1).

33. Defendant's behavior as alleged above violated 42 USC § 2000e-2(a)(1) because it engaged in sex discrimination by altering the terms and conditions of Plaintiff's employment and failing to take immediate and appropriate corrective action.

34. As a result of Defendant's conduct, Plaintiff has suffered non-economic harm in the form of emotional distress, degradation, humiliation, and suffered economic harm, all in an amount to be determined at trial.

35. Defendant's conduct was intentional, willful, and with reckless disregard for Plaintiff's statutory rights. Such conduct exceeds the bounds of social toleration and is of the type that punitive damages deter. Plaintiff, therefore, is entitled to an award of punitive damages in an amount to be determined at trial.

36. Pursuant to 42 USC § 1988, Plaintiff is entitled to recover reasonable attorney fees, and costs.

## SECOND CLAIM FOR RELIEF

### (Retaliation - 42 USC § 2000e-2(a)(1))

37. Plaintiff re-alleges and incorporates the allegations contained in the above paragraphs of this Complaint as if fully stated herein.

38. Defendant subjected Plaintiff to an adverse employment action and/or a hostile work environment because he opposed the unlawful sexual harassment to which he was subjected.

PAGE 7 – COMPLAINT

39. Defendant's actions constituted unlawful retaliation, in violation of Title VII.

40. As a result of Defendant's conduct, Plaintiff has suffered non-economic harm in the form of emotional distress, degradation, humiliation, and suffered economic harm, all in an amount to be determined at trial.

41. Defendant's conduct was intentional, willful, and with reckless disregard for Plaintiff's statutory rights. Such conduct exceeds the bounds of social toleration and is of the type that punitive damages deter. Plaintiff, therefore, is entitled to an award of punitive damages in an amount to be determined at trial.

42. Pursuant to 42 USC § 1988, Plaintiff is entitled to recover reasonable attorney fees, and costs.

## THIRD CLAIM FOR RELIEF

### (Gender Discrimination – ORS 659A.030(1)(a))

43. Plaintiff re-alleges and incorporates the allegations contained in the above paragraphs of this Complaint as if fully stated herein.

44. Defendant's behavior as alleged above violated ORS 659A.030(1)(a) because it engaged in gender discrimination by changing his job position, reducing his hours, and terminating Plaintiff's employment with Defendant on the basis of sex.

45. Defendant's violation of ORS 659A.030(1)(a) directly and proximately caused Plaintiff non-economic damages in the form of emotional distress, degradation, humiliation, and directly and proximately caused economic harm, all in an amount to be determined at trial.

46. Defendant acted with malice and/or demonstrated a reckless and outrageous indifference to a highly unreasonable risk of harm, and acted with a conscious indifference to the

health, safety and welfare of others. Accordingly, Plaintiff reserves the right to seek punitive damages pursuant to ORS 31.725 and ORS 31.730.

47. Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to recover actual damages, punitive damages, reasonable attorney fees, and costs.

## FOURTH CLAIM FOR RELIEF

### (Gender Discrimination/Sexual Harassment – ORS 659A.030(1)(b))

48. Plaintiff incorporates the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

49. Defendant's behavior as alleged above violated ORS 659A.030(1)(b), because it engaged in gender discrimination on the basis of sex by creating a hostile work environment and subjecting Plaintiff to unwelcome and severe and/or pervasive harassment. Defendant's harassment altered the terms and conditions of Plaintiff's employment, unreasonably interfered with his ability to perform his work and created an abusive working environment.

50. Defendant's violation of ORS 659A.030(1)(b) directly and proximately caused Plaintiff non-economic damages in the form of emotional distress, degradation, humiliation, and directly and proximately caused economic harm, all in an amount to be determined at trial.

51. Defendant acted with malice and/or demonstrated a reckless and outrageous indifference to a highly unreasonable risk of harm, and acted with a conscious indifference to the health, safety and welfare of others. Accordingly, Plaintiff reserves the right to seek punitive damages pursuant to ORS 31.725 and ORS 31.730.

52. Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to recover actual damages, punitive damages, reasonable attorney fees, and costs.

## FIFTH CLAIM FOR RELIEF

### (Retaliation – ORS 659A.030(1)(f))

53. Plaintiff incorporates the allegations contained in the above paragraphs of this Complaint as if fully set herein.

54. Defendant's behavior as alleged above violated ORS 659A.030(1)(f), because it retaliated against Plaintiff by terminating his employment after he opposed an unlawful practice.

55. Defendant's violation of ORS 659A.030(1)(f) directly and proximately caused Plaintiff non-economic damages in the form of emotional distress, degradation, humiliation, and directly and proximately caused economic harm, all in an amount to be determined at trial.

56. Defendant acted with malice and/or demonstrated a reckless and outrageous indifference to a highly unreasonable risk of harm and acted with a conscious indifference to the health, safety and welfare of others. Accordingly, Plaintiff reserves the right to seek punitive damages pursuant to ORS 31.725 and ORS 31.730.

57. Pursuant to ORS 20.107 and ORS 659.885, Plaintiff is entitled to recover actual damages, punitive damages, reasonable attorney fees, and costs.

## SIXTH CLAIM FOR RELIEF

### (ORS 659A.199 – Retaliation for Good Faith Reporting)

58. Plaintiff incorporates the allegations contained in the above paragraphs of this Complaint as if fully set herein.

59. Defendant's behavior as alleged above violated ORS 659A.199 because it retaliated against Plaintiff by terminating his employment after he reported what he believed in good faith to be a violation of a state or federal law, rule, or regulation.

60. Defendant's violation of ORS 659A.199 directly and proximately caused Plaintiff non-economic damages in the form of emotional distress, degradation, humiliation, and directly and proximately caused economic harm, all in an amount to be determined at trial.

61. Defendant acted with malice and/or demonstrated a reckless and outrageous indifference to a highly unreasonable risk of harm and acted with a conscious indifference to the health, safety and welfare of others. Accordingly, Plaintiff reserves the right to seek punitive damages pursuant to ORS 31.725 and ORS 31.730.

62. Pursuant to ORS 20.107 and ORS 659.885, Plaintiff is entitled to recover actual damages, punitive damages, reasonable attorney fees, and costs.

## IV.   DEMAND FOR JURY TRIAL

63. Mr. Martinez makes a demand for a jury trial.

    WHEREFORE, Plaintiff prays for judgment from Defendant as follows:

    a.  Economic damages, including prejudgment interest, in an amount to be determined at trial;

    b.  Non-economic damages in an amount to be determined at trial;

    c.  Punitive damages in an amount to be determined at trial;

    d.  Reasonable attorney fees and costs in an amount to be decided by the Court after trial;

    e.  Pre and post judgment interest in accordance with law; and

PAGE 11 – COMPLAINT

    f.  Any other equitable relief this Court may determine to be fair and just.

RESPECTFULLY SUBMITTED this __7__ day of December, 2023.

/s/ *Cassandra Blake*
Cassandra Blake, OSB #193336
cblake@oregonlawcenter.org
Che Orion, OSB #205957
corion@oregonlawcenter.org
Richard Peel, OSB #201833
rpeel@oregonlawcenter.org

*Attorneys for Plaintiffs*

PAGE 12 – COMPLAINT